Kenneth B. Huber, Baukul, Nyberg & Thompson, St. Louis Park, for relators.

James Courtney, III, Courtney Law Office, Duluth, for respondent.

**John DESCHAMPE, Respondent,**

v.

**ARROWHEAD TREE SERVICE and Fireman's Fund Insurance Co., Relators.**

**No. C6-90-2031.**

Supreme Court of Minnesota.

Dec. 28, 1990.

COYNE, Justice.

Certiorari was granted to review a decision of the Workers' Compensation Court of Appeals reversing, by panel majority, the compensation judge's determination that the employee's work in a laundromat for 18 hours over a 3-week period in De-

cember 1987 did not qualify him for a lump sum payment of his permanent partial disability benefits under Minn.Stat. § 176.101, subd. 3o (1984).[1]

On May 29, 1984, John Deschampe sustained a closed head injury as well as arm and leg injuries when he fell from a tree while working for Arrowhead Tree Service. As a result of the brain injury, the employee suffers from seizures and takes the prescription medication Dilantin which causes drowsiness. In a prior decision, we held that the employee was entitled to impairment compensation for a 94.21% permanent disability to the body as a whole, payable weekly pursuant to Minn.Stat. § 176.101, subd. 3o (1984) rather than as a lump sum under Minn.Stat. § 176.021, subd. 3a as claimed by the employee. *Deschampe v. Arrowhead Tree Service*, 428 N.W.2d 795 (Minn.1988). Shortly after this decision was filed, the employee claimed entitlement to a lump sum payment of impairment compensation under Minn.Stat. § 176.101, subd. 3o because he had returned to work in December 1987.

In his evaluation report in connection with employee's initial claim for benefits, the employee's treating physician, who noted that employee was somewhat lethargic and had some problems with attention span, recommended participation in a sheltered workshop. While the claim was in litigation, a career rehabilitation counselor who specializes in assisting people living on the reservations in northern Minnesota with job placement and some of the employee's relatives devised a plan whereby the Grand Portage Reservation Business Committee would hire the employee to clean the committee's laundromat at a wage of $4 an hour. Out of concern that a

return to work might affect the employee's pending workers' compensation claim, the rehabilitation counselor contacted the employee's lawyer, who advised that it would be "better" if the employee would be determined to be medically unable to continue working after 30 days. In December 1987, the employee worked a total of 18 hours over a 3-week period and required the assistance of a job coach, also a relative, who was paid $7 an hour. No one advised the employer/insurer about this return to work because the state was paying for it.

The compensation judge denied the employee's second claim for a lump sum payment of benefits, finding that the employee had not made a genuine return to work within the meaning of Minn.Stat. § 176.101, subd. 3o. On appeal, the Workers' Compensation Court of Appeals panel majority reversed. Concluding that the compensation judge's factual determination had substantial evidentiary support, we reverse and reinstate the decision of the compensation judge. *See Krotzer v. Browning–Ferris/Woodlake Sanitation*, 459 N.W.2d 509 (Minn.1990).

Reversed and decision of compensation judge reinstated.

---

1. Minn.Stat. § 176.101, subd. 3o provides in relevant part as follows:

Subd. 3o. **Inability to return to work.** (a) An employee who is permanently totally disabled pursuant to subdivision 5 shall receive impairment compensation as determined pursuant to subdivision 3b. This compensation is payable in addition to permanent total compensation pursuant to subdivision 4 and is payable concurrently. In this case the impairment compensation shall be paid in the same intervals and amount as the permanent total compensation was initially paid, and the impairment compensation shall cease when the amount due under subdivision 3b is reached. *If this employee returns to work at any job during the period the impairment compensation is being paid, the remaining impairment compensation due shall be paid in a lump sum 30 days after the employee has returned to work and no further temporary total compensation shall be paid.*
(Emphasis added).